```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division
_____
GLORIA DESHAZO,               )
                              )
      Plaintiff,              )
                              )
            v.                )      1:05cv1046 (JCC)
                              )
KENNETH SMITH, et al.,        )
                              )
      Defendants.             )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Robert M. Deshazo, III, John P. Deshazo, Dana Deshazo Turman, and Lindsey S. Deshazo's (collectively the "Deshazo children") Motion to Dismiss Crossclaims of Defendants E. Kendall Lorenz and Donald Seiler on the grounds that the Court should decline to exercise supplemental jurisdiction over such crossclaims. This matter also comes before the Court on Defendants E. Kendall Lorenz and Donald Seiler's Alternative Motion to Dismiss Crossclaims of IRS and Gloria Deshazo or Motion to Stay all Crossclaims. For the following reasons, the Court will deny the Deshazo children's Motion and will grant the Alternative Motion to stay all crossclaims.

**I.   Background**

Robert Deshazo died in 1994 leaving millions of dollars in assets - the exact figure is allegedly in dispute. Don Seiler

-1-

and Ken Lorenz (collectively the "Executors") served as the Executors of the Estate.  The Estate is being probated in Arlington County, Virginia, and Kenneth Smith serves as its Receiver.  Smith does not have adequate funds to pay the tax obligations of the Estate.  Accordingly, Smith proposed to sell the Deshazo's marital residence in order to fulfill the Estate's federal tax obligations.  Gloria Deshazo ("Mrs. Deshazo") filed an action in Arlington County Circuit Court against Smith and the Executors to block the sale of the house.  Following a hearing before the Circuit Court in May of 2005, Mrs. Deshazo filed an Amended Bill of Complaint adding the Deshazo children and the Internal Revenue Service ("IRS") as Defendants.

In September of 2005, the IRS filed for removal of the action to the Eastern District of Virginia.  The IRS subsequently filed crossclaims against all of the other parties seeking payment of the taxes owed by the Estate.  Mrs. Deshazo filed a crossclaim against the Executors.  The Executors then filed crossclaims against Mrs. Deshazo, the Deshazo Children, and Smith claiming entitlement to indemnification and contribution and asserting that there would be sufficient funds to pay the tax obligations if crossclaimants had not breached certain fiduciary duties and had not tortiously interfered with the sale of a company and various properties.

On November 10, 2005, the Deshazo children filed a Motion to Dismiss the crossclaims of the Executors asserting that the Court should decline to exercise supplemental jurisdiction. In their November 18, 2005 Opposition to the Deshazo children's Motion, the Executors filed an alternative Motion to Dismiss the crossclaims of the IRS and Mrs. Deshazo or to Stay all crossclaims.  These Motions are currently before the Court.

## II.  Standard of Review

A federal court has jurisdiction over state claims when jurisdiction would otherwise be lacking when such state claims "are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  This type of jurisdiction is referred to as supplemental jurisdiction.  The Supreme Court has held that "[t]he state and federal claims must derive from a common nucleus of operative fact."  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  When there is a finding of supplemental jurisdiction, courts still have the discretion to decline jurisdiction when:

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> . . .
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). This is a "doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988).

### III. Analysis

All parties agree that this Court has supplemental jurisdiction over the state law crossclaims. The disagreement surrounds whether or not the Court should exercise the supplemental jurisdiction. The Deshazo children claim that the Court should not exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(2) because the state law claims predominate in terms of proof and scope of the issues raised, the state law claims would require more judicial resources to adjudicate, and dismissal of the state law claims is timely and appropriate. The Deshazo children also claim that the Court should dismiss the crossclaims because there are compelling reasons for declining jurisdiction pursuant to 28 U.S.C. § 1367(c)(4).

Declining supplemental jurisdiction based on 28 U.S.C. § 1367(c)(2) involves proof that "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *See Hunter by Conyer v. Estate of Baecher*, 905 F. Supp. 341, 344 (E.D. Va. 1995) (quoting *United Mine Workers of America v. Gibbs*,

383 U.S. 715, 726-27 (1966)).  The Deshazo children suggest the crossclaims classify as predominating because they involve significantly more factual issues than the federal question and would require this Court to delve into a review of the lengthy administration of the Estate.  They also state that the resolution of the entire case, including the crossclaims, could take up to ten years whereas the federal issue could be resolved fairly expeditiously.  Finally, the Deshazo children state that dismissal is appropriate at this point in the litigation, specifically, because no federal judicial resources have been expended on the matter to date.

   The heart of this matter concerns how the Estate's tax obligations are going to be satisfied, and at the heart of that question is the main federal issue in the case - whether the marital residence can be used for paying the Estate's federal tax obligations.  The Court is persuaded that the crossclaims could be largely, if not completely, irrelevant upon the resolution of the issue concerning the sale of the marital residence.  Because the crossclaims are indeed fact intensive and perhaps unnecessary to pursue, the Court will stay all the crossclaims until the initial question of whether Smith may sell the marital residence is decided.  This decision is largely for the purposes of judicial economy.  If the crossclaims resurface following the decision of the initial federal issue, this Court will decide at

that time whether to exercise or decline supplemental jurisdiction over the crossclaims.

### IV.  Conclusion

For the foregoing reasons, the Court will deny the Deshazo children's Motion to Dismiss and will grant the Alternative Motion to stay all crossclaims.  An appropriate Order shall issue.

December__8__, 2005             _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                             UNITED STATES DISTRICT COURT JUDGE