IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| GLORIA DESHAZO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05cv1046 (JCC) |
| ) | |
| KENNETH SMITH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendants Seiler and Lorenz's motion for summary judgment, Defendant Mark Everson's motion for summary judgment, and Plaintiff Gloria DeShazo's motion for summary judgment.  For the following reasons, the Court will grant Defendants Seiler and Lorenz's motion, grant Defendant Everson's motion, and deny Plaintiff's motion.

**I.  Background**

Robert Deshazo died in 1994, leaving millions of dollars in assets.  Don Seiler and Ken Lorenz (collectively the "Executors") serve as the Executors of the Estate.  The Estate is being probated in Arlington County, Virginia, and Kenneth Smith serves as its Receiver.  Smith does not currently hold adequate funds to pay the tax obligations of the Estate.  Smith proposed

to sell the marital residence in order to fulfill the Estate's federal tax obligations.

The residence in question is 4607 North 40th Street, Arlington, Virginia (hereinafter the "marital residence" or "the property"). Robert DeShazo owned this house as a tenant by the entirety with his first wife. When his first wife died, Robert DeShazo became the sole owner of the property. When Robert DeShazo married the Plaintiff, the ownership of the house was unchanged; thus, Robert DeShazo remained the sole owner.

Robert DeShazo's Will directed that the residence be placed in a marital trust and that the Plaintiff be granted a life estate interest. In November of 1994, Plaintiff renounced the Will and sought to take an elective share of the Estate. Thus, the residence was never placed into a trust. In April of 1995, a federal estate tax return was filed with the United States that listed the marital residence as "received" by Plaintiff. The nearly one million dollars in federal estate tax was assessed against the Estate of Robert DeShazo in June of 1995. In August of 2005, the Internal Revenue Service filed a notice of federal tax lien which is specific to the marital residence.

Gloria Deshazo ("Mrs. Deshazo") filed an action in Arlington County Circuit Court against Smith and the Executors to block the sale of the house. Following a hearing before the

Circuit Court in May of 2005, Mrs. Deshazo filed an Amended Bill of Complaint adding Robert M. Deshazo, III, John P. Deshazo, Dana Deshazo Turman, and Lindsey S. Deshazo (collectively the "Deshazo children") and the Internal Revenue Service ("IRS") as Defendants.

In September of 2005, the IRS filed for removal of the action to the Eastern District of Virginia.  The IRS subsequently filed crossclaims against all of the other parties seeking payment of the taxes owed by the Estate.  Mrs. Deshazo filed a crossclaim against the Executors.  The Executors then filed crossclaims against Mrs. Deshazo, the Deshazo Children, and Smith claiming entitlement to indemnification and contribution and asserting that there would be sufficient funds to pay the tax obligations if crossclaimants had not breached certain fiduciary duties and had not tortiously interfered with the sale of a company and various properties.

On November 10, 2005, the Deshazo children filed a motion to dismiss the crossclaims of the Executors asserting that the Court should decline to exercise supplemental jurisdiction. In their November 18, 2005 opposition to the Deshazo children's motion, the Executors filed an alternative motion to dismiss the crossclaims of the IRS and Mrs. Deshazo or to stay all crossclaims.  On December 8, 2005, this Court stayed all crossclaims until the Internal Revenue Service claim is decided -

whether the Receiver can sell the property to satisfy the federal estate tax - and denied the DeShazo children's motion to dismiss the crossclaims of the Executors.

On March 3, 2006, the Executors filed a motion for summary judgment, as did the Plaintiff. Also on March 3, 2006, Mark Everson of the IRS filed a motion for summary judgment (hereinafter referred to as the "Government's motion"). These motions for summary judgment are currently before the Court.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted). The party seeking summary judgment has the initial burden to show the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The party opposing summary judgment may not rest upon mere allegations or denials.  A "mere scintilla" of evidence is insufficient to overcome summary judgment.  *Anderson*, 477 U.S. at 248-52.  Unsupported speculation is not enough to withstand a motion for summary judgment.  *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986).  Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant."  *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

Plaintiff's position in this matter is that property subject to an elective share is protected from federal estate tax claims.  She asserts that the marital residence is part of her elective share as evidenced by a tax return which set forth the property as "passing to a surviving spouse" and which took advantage of the marital deduction.  She also claims that her

rights in the property passing to her pursuant to the augmented estate statute vested at the date of death of the decedent. Plaintiff admits that the Executors never deeded the property to her, yet she asserts that the property is rightfully hers due to the implications of the tax return as well as principles of equity.  Finally, she claims that the Will specifically directs that none of the taxes should be charged against the "Marital Share."

Plaintiff finds support in her assertions in the Virginia Supreme Court case *Alexandria National Bank v. Thomas*, 213 Va. 620 (1973) and the Fourth Circuit case *Estate of Reno v. C.I.R.*, 945 F.2d 733 (4th Cir. 1991).  The *Alexandria National Bank* case addresses whether an executor has the authority under a Virginia statute to apportion federal tax liabilities to the elective share.  In the case, a widow chose to take against the will and take an elective share; the question was whether the federal estate taxes would be apportioned to the entire estate including the elective share or just the residuary, excluding the elective share subject to the marital deduction.  The court concluded that,

> The Federal estate tax is levied on the total gross estate less the deduction of funeral expenses, debts, the marital deduction, charitable bequests and other exemptions. Thus the share to be received by the widow in the present case is not included in the taxable estate of the decedent under the Federal estate tax law . . . .  Virginia's apportionment statute is based on the principle that Federal estate taxes should be borne

>   by those who receive property which has been included in the taxable estate, and that property which has not been included in determining the tax shall not bear any part of the tax burden.

*Alexandria Nat'l Bank*, 213 Va. at 625.  Plaintiff contends that this is wholly dispositive of the matter since the marital residence was subject to, and took advantage of, the marital deduction.

The Defendants distinguish the present case from *Alexandria National Bank* because the present case solely considers whether federal tax liens can attach to elective share property; the case is not one concerning apportionment.  Also, in the present case there is not a residuary estate, therefore due to the Estate's insolvency there is no consideration of apportionment.  Further, the Defendants suggest that the Will opted out of Virginia's apportionment statute and rather chose to have all taxes paid out of the entire Estate.

In *Estate of Reno*, the Fourth Circuit was faced with the question of whether property that passed to a surviving spouse through tenancy by the entireties is subject to federal estate tax.  The Court determined that because the property passed outside of the will through operation of law, the surviving spouse was a fee simple owner upon the death of the decedent and the property escaped any federal estate tax burden.  *Estate of Reno*, 945 F.2d at 736.  Plaintiff contends that the property was shielded from tax liability because it qualified for

the marital deduction and so too should her marital residence. Defendants respond by noting that the court in *Estate of Reno* relied on the common law principle that entireties property could not be encumbered without the spouse's consent since the transfer was by operation of law, and therefore the logic in the *Estate of Reno* case does not apply to Plaintiff.

In addition to distinguishing the above-mentioned cases, the Government forwards that because the property was the Estate's and federal tax liens attached to all the property of the Estate, the property should be sold by the Receiver to satisfy the estate taxes.  Further, even if the property by-passed the Estate, Plaintiff is personally liable for the estate taxes as a transferee under 26 U.S.C. § 6324(a)(2).  The Government objects to Plaintiff's suggestion of equity since Plaintiff was made aware of many reports sent to the Arlington County Commissioner of Accounts which listed the property as that of the Estate.  Undue delay and unclean hands prohibit the Plaintiff from employing equity.

The Executors respond also by distinguishing the cases purported by Plaintiff.  The Executors likewise assert that the Receiver has authority to sell the property since the property belongs to the Estate and the Will provides the Receiver power to sell the property.

The Court finds that the property is the Estate's, and therefore the federal liens arising from the assessments are valid.  The Court agrees with the Defendants in their assertion that the property is that of the Estate since Mr. DeShazo was the sole owner at death, Plaintiff has no proof of a deed, the Arlington Commissioner Reports listed the property as the Estate's for many consecutive years, and Schedule M of the 1995 tax return is not binding authority of any transfer.  Further, while the Court acknowledges that were there property for Plaintiff to receive under the Estate, she would receive what was listed in the Will - at minimum, a life estate in the marital property - the Court can find no support for Plaintiff's claim that such rights vest upon the death of the decedent.

Likewise, the Court is not persuaded that the Will's clause that specifically directs that "none of the foregoing taxes shall be charged against the Marital Share of the residue of my estate as later constituted in this will, unless said taxes are attributable to the marital share" supports Plaintiff's claim.  The Marital Share[1] that the Will is referring to in the provision is exactly what Plaintiff rebuked when she elected to take against the Will.  Therefore, she cannot now find relief in the protections afforded to the trust which she knowingly rejected.

---

[1] The "Marital Share" is bequeathed in trust, known as the "Marital Trust," to Trustees named in the will.

*Alexandria National Bank* does not warrant any contrary decision. The case is distinguished factually by the presence of federal tax liens in the present case and their absence in *Alexandria National Bank*, as well as the insolvency of the Estate in the present case compared to the presence of a residuary estate in *Alexandria National Bank*. Likewise, the Court does not find that *Estate of Reno* is persuasive precedent that supports the Plaintiff's case. *Estate of Reno* was solely focused on tenancy by the entireties property which passes by operation of law and creates a fee simple right in the surviving spouse on the date of the decedent's death. Such a factual scenario is not present in the case at hand, and the difference between tenancy by the entireties property and elective share property is significant such that entireties precedent sheds little light on the present question.

The Court acknowledges the Plaintiff's frustration that she is receiving little, if anything, from the once-plentiful Estate. Yet, the law as to the present question provides little relief, and the Court finds no reason to employ the principles of equity in this situation. Because the marital residence was never legally transferred to the Plaintiff, it remained in the coffers of the Estate. A lien on the marital residence arose when the Government assessed the property in 1995 and 1998; the lien was valid at the time and remains valid. The Government is

not barred by any legal precedent presented to this Court from acting on its valid lien simply because there were intentions for the Plaintiff to receive the marital residence early in the Estate's management.  Accordingly, the Defendants' motions for summary judgment as to the question of whether the Receiver can sell the property are granted.

### IV.  Conclusion

For the foregoing reasons, the Court will grant the Executors' and the Government's motions for summary judgment and deny Plaintiff's motion for summary judgment.  An appropriate Order shall issue.


April __18_, 2006                    _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE