IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| GLORIA DESHAZO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:05cv1046(JCC) |
| v. ) | |
| ) | |
| KENNETH SMITH, et. al., ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant Kenneth Smith's motion to dismiss. For the following reasons, the Court will deny Defendant's motion.

**I.  Background**

Robert Deshazo died in 1994 leaving millions of dollars in assets - the exact figure is allegedly in dispute. Prior to his death, Robert Deshazo was the sole owner of 1,000 shares of stock in the corporation Autopen, Inc. ("Autopen"). The value of the Autopen shares was listed on the Federal estate tax return filed at Robert Deshazo's death at $2.45 million dollars. The value of the shares was revised to $4.25 million in the supplemental Federal estate tax return dated December 2004. At the time of Robert Deshazo's death, the Deshazo children were all employees of Autopen, with John Deshazo and and Robert Deshazo, III as officers and directors. After decedent's death, the Deshazo children were elected as officers and directors, and

served as Autopen's board until March 1996.  During that time, the estate had yearly net income ranges from $141,000 to $461,000.

Don Seiler and Ken Lorenz (collectively the "Executors") served as the executors of the estate.  Prior to the Deshazo children's leaving of Autopen, the executors explored selling the shares to meet the estate tax burden.  In August of 1997, Century Acquisition Corporation ("Century") offered $3,000,000 for the shares.  At that time, the Deshazo children demanded raises to $90,000 each, and the transaction was never consummated.  In July 1998, the executors negotiated sale of the shares to Damilic Corporation ("Damilic").  Once again, the Deshazo children demanded higher salaries and additional benefits, and threatened resignation if the demands were not met.  On July 31, 1998, the Deshazo children resigned their positions at Autopen and and established Automated Signature Technology, Inc. ("AST"), a corporation that engages the same business as Autopen.  Under the direction of the Deshazo children, AST has directly competed with Autopen and hired its former employees.  Following the departure of the Deshazo children, Autopen's income steadily dropped and Autopen was forced to sell its assets.  By April 2002, the receiver of the estate valued the Autopen stock at less than $50,000.

Because Autopen was classified as a closely held corporation, the Deshazo estate elected to defer the payment of estate taxes on the shares over time.  As of August 8, 2005, pursuant to an Internal Revenue Service ("IRS") audit, the IRS determined that the estate of Robert Deshazo owes the United States the amount of $1,146,724.10, plus interest and other costs.  The IRS filed a subsequent cross-claim against the Deshazo children alleging that they received estate property when they shifted value from Autopen's shares to AST, and are now liable for transferee liability.  The Deshazo children filed a motion for summary judgment on this cross-claim.

The estate is being probated in Arlington County, Virginia, and Kenneth Smith serving as receiver.  Smith does not possess adequate funds to pay the estate's tax obligations.  To fulfill these obligations, Smith proposed to sell the Deshazo's marital residence.  Gloria Deshazo ("Mrs. Deshazo") filed an action in Arlington County Circuit Court against Smith and the executors to block the sale of the house.  Following a hearing before the Circuit Court in May of 2005, Mrs. Deshazo filed an Amended Bill of Complaint adding the Deshazo children and the IRS as Defendants.

In September of 2005, the IRS filed for removal of the action to the Eastern District of Virginia.  The IRS subsequently filed cross-claims against all of the other parties seeking

payment of the taxes owed by the estate.  Mrs. Deshazo filed a cross-claim against the executors.  The executors then filed cross-claims against Mrs. Deshazo, the Deshazo children, and Smith claiming entitlement to indemnification and contribution and asserting that there would be sufficient funds to pay the tax obligations if cross-claimants had not breached certain fiduciary duties and or tortiously interfered with the sale of a company and various properties.

On December 8, 2005, this Court stayed all cross-claims until the IRS claim is decided and denied the Deshazo children's motion to dismiss the cross-claims of the executors.  On September 7, 2006 the Deshazo children filed a motion for summary judgment on the IRS cross-claims and on the contribution cross-claims for contribution made by the executors.  On September 20, 2006, receiver Smith filed a motion to dismiss cross-claims made by the executors against him.  Oral argument was held on October 27, 2006, at which time the executors and the IRS agreed to dismiss their cross-claims against the Deshazo children without prejudice.  Receiver Smith's motion to dismiss is currently before the Court.

## II.  Standard of Review

A party may move for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), "any time after the pleadings are closed, but within such time as not to

delay the trial." Fed. R. Civ. P. 12(c).  Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief, and the matter can be decided as a matter of law. *See Zeran v. America Online, Inc.,* 129 F.3d 327, 329 (4th Cir. 1997)(citing *Bruce v. Riddle,* 631 F.2d 272, 273 (4th Cir. 1980)); *O'Ryan v. Dehler Mfg. Co., Inc.,* 99 F.Supp.2d 714, 718 (E.D. Va. 2000).

### III.  Analysis

A.  Jurisdiction

Defendant Kenneth Smith moves to dismiss the cross-claim asserted against him by executors Donald Seiler and Kendall Lorenz, pursuant to Federal Rule of Civil Procedure 12(c).  As grounds for dismissal, Smith argues that this Court has no jurisdiction over the activity of the receiver, and any complaint against him must be made in the Circuit Court of Arlington County.  Smith also argues that the claim is barred under quasi-judicial immunity doctrine.

The jurisdiction of the federal district courts is derived from federal power and "not to the acts of states which have no power to enlarge or contract the federal jurisdiction." *Markham v. City of Newport News,* 292 F.2d 711, 713 (4th Cir. 1961).  The Supreme Court has repeatedly and unequivocally rejected a receiver's contention that a state may oust the

federal courts of jurisdiction by creating an exclusive forum for claims against an estate. *Gross v. Weingarten,* 217 F.3d 208, 220-21 (4th Cir. 2000).[1]  Accordingly, the fact that a receiver was appointed in state court does not preclude federal jurisdiction over counterclaims against a receiver in a suit brought in federal court when jurisdiction is otherwise warranted.

The executors' counterclaims against Smith claimed personal harm by the actions of the receiver as part of a litigation before federal court.  Furthermore, the basis for the cross-claim is that Smith, as receiver, deprived the estate of assets necessary to pay federal tax liabilities.  Finally, as to any argument that the claims are based upon state law, the December 8, 2005 Memorandum Opinion established that "this Court has supplemental jurisdiction over the state law cross-claims." *Id.* at 2.  Smith's argument that his appointment as receiver by an Arlington County Circuit Court judge divests this Court of jurisdiction thus lacks merit, and Defendant's motion should be denied with respect to lack of jurisdiction.[2]

---

[1] In *Gross,* the Fourth Circuit held that a state issued order granting exclusive jurisdiction to the state court could not divest the federal court of jurisdiction.  The Court reasoned that "in determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to the acts of states which have no power to enlarge or contract the federal jurisdiction." *Id.* at 220-21 (quoting *Markham v. City of Newport News,* 292 F.2d 711, 713 (4th Cir. 1961)).

[2] The Court does not reach executors' arguments for waiver of jurisdiction as a defense, because the Court finds that jurisdiction exists.

B.  Quasi-Judicial Immunity

Quasi-judicial immunity may shield public officials acting within their jurisdiction from liability for acts done in good faith and in discharge of a judicial function. *Harlow v. Clatterbuck,* 339 S.E.2d 181 (Va. 1986).  The Supreme Court of Virginia has developed a three-part test to determine if quasi-judicial immunity is available, whether the defendant was (1) performing judicial functions; (2) acting within his jurisdiction; and (3) acting in good faith. *Id.* at 184.  To determine whether a defendant was performing judicial function, the *Harlow* Court adopted a "functional comparability" test, whereby the Court must determine whether the procedure in question "shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages." *Id.* (quoting *Butz v. Economou,* 438 U.S. 478, 512-12 (1978)).  In this case, Seiler and Lorenz argue that receiver Smith was performing the non-judicial functions of an executor, and the cross-claims at issue arise from the failure to sell assets for their fair value, failure to collect monies due under royalty agreements, and failure to pursue litigation against the Deshazo children.  Receiver Smith relies upon the Fourth Report of Receiver to show that he was acting as an arm of the court, and that all of actions were court approved, and thereby judicial functions.  However, no Court

order or proof of approval by Judge Kendrick accompanied this report.  Following oral argument, this Court was further informed by counsel that no such Order was ever issued.  Therefore, receiver Smith has not established that he was acting as an arm of the Arlington County Circuit Court, or that his actions qualify as "judicial functions" within the purview of *Harlow* and *Butz.*  Accordingly, Defendant Smith's motion should be denied.

### IV.  Conclusion

For the foregoing reasons, Defendant Kenneth Smith's motion to dismiss will be denied.  An appropriate Order will issue.

November 6, 2006               _____/s/_____
Alexandria, Virginia                  James C. Cacheris
                               UNITED STATES DISTRICT COURT JUDGE