```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division

GLORIA DESHAZO,              )
                             )
        Plaintiff,           )
                             )         1:05cv1046(JCC)
        v.                   )
                             )
KENNETH SMITH, et. al.,      )
                             )
        Defendants.          )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant Kenneth Smith's motion to reconsider. For the following reasons, the Court will grant Defendant's motion, and in light of reconsideration, grant Defendant's prior motion to dismiss.

### I.   Background

Robert Deshazo died in 1994 leaving millions of dollars in assets - the exact figure is allegedly in dispute. Prior to his death, Robert Deshazo was the sole owner of 1,000 shares of stock in the corporation Autopen, Inc. ("Autopen"). Don Seiler and Ken Lorenz (collectively the "Executors") served as the executors of the estate. As of August 8, 2005, pursuant to an Internal Revenue Service ("IRS") audit, the IRS determined that the estate of Robert Deshazo owes the United States the amount of $1,146,724.10, plus interest and other costs. The IRS filed a subsequent cross-claim against the Deshazo children alleging transferee liability for estate property received by shifting value from Autopen's shares to AST.

In September of 2005, the IRS filed for removal of the action to the Eastern District of Virginia. The IRS subsequently filed cross-claims against all of the other parties seeking payment of the taxes owed by the estate. Mrs. Deshazo filed a cross-claim against the Executors. The Executors then filed cross-claims against Mrs. Deshazo, the Deshazo children, and Smith claiming entitlement to indemnification and contribution.

On September 7, 2006 the Deshazo children filed a motion for summary judgment on the IRS cross-claims and on the contribution cross-claims for contribution made by the Executors. On September 26, 2006, Receiver Smith filed motion to dismiss the cross-claims of the Executors pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on the grounds of quasi-judicial immunity and lack of jurisdiction. On October 27, 2006, the IRS agreed to dismiss its cross-claims against the Deshazo children with prejudice, and the Executors agreed to dismiss the corresponding cross-claims for contribution without prejudice. On November 6, 2006, this Court denied Receiver Smith's motion to dismiss. The Court held that because no court order had been entered in Arlington approving the Fourth Report of Receiver, Smith had not established that he was acting as an arm of the Court. On November 15, 2006 Judge Kendrick of the Arlington County Circuit Court entered an Order approving and accepting the recommendations set forth the Fourth Report. In light of this

Order, Defendant Kenneth Smith filed a motion to reconsider the Court's prior ruling and grant his motion to dismiss.  This motion is currently before the Court.

## II.   Standard of Review

### A.   Motion to Reconsider

Rule 60(b) allows a Court to modify an order on grounds of mistake, inadvertence, excusable neglect, or for any other reason justifying relief.  Fed. R. Civ. P. 60(b).  The decision to grant relief under Rule 60(b) is within the sound discretion of the trial court.  *Transportation, Inc. v. Mayflower Services, Inc.,* 769 F.2d 952, 954 (4th Cir. 1985).

### B.   Motion for Judgment on the Pleadings

A party may move for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), "any time after the pleadings are closed, but within such time as not to delay the trial." Fed. R. Civ. P. 12(c).  Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief, and the matter can be decided as a matter of law. *See Zeran v. America Online, Inc.,* 129 F.3d 327, 329 (4th Cir. 1997)(citing *Bruce v. Riddle,* 631 F.2d 272, 273 (4th Cir. 1980)); *O'Ryan v. Dehler Mfg. Co., Inc.,* 99 F.Supp.2d 714, 718 (E.D. Va. 2000).

### III. Analysis

A. <u>Motion to Reconsider</u>

In the November 3, 2006 Memorandum Opinion, this Court declined to dismiss Executors' cross-claim against Defendant Smith, because no Order had been entered by the Arlington County Circuit Court approving the recommendations set forth in the Fourth Report of Receiver. The Court found that without an order from the Arlington County Circuit Court, Receiver Smith had not met his burden to show that he was acting as an arm of the court and thus protected under quasi-judicial immunity. Since that Memorandum Opinion was issued, Judge Kendrick of the Arlington County Circuit Court entered an order accepting and approving the recommendations set forth in the Fourth Report. (*See* Receiver's Mot. Ex. 1).

*Nunc pro tunc* is a procedure whereby a "determination previously made, but for some reason improperly entered or expressed, may be corrected and entered as of the original time when it should have been, or when there has been an omission to enter it at all." *Maksymchuk v. Frank,* 987 F.2d 1072, 1075 N2 (4th Cir. 1993). In this case, Judge Kendrick's order issued November 15, 2006 specified that the Court accepted and approved the recommendations set forth in the Fourth Report, but had not previously entered an order reflecting this approval because the matter had been continued to determine the position of the IRS as

4

to assets held by Receiver. *(See* Receiver's Mot. at Ex. 1). Judge Kendrick's order was thus an appropriate order *nunc pro tunc* explaining an omission of formal order entry approving the Receiver's actions.  Now that the issue of court approval has been clarified, this Court's prior concerns regarding quasi-judicial immunity for Receiver Smith have been alleviated.  It is thus in the interest of justice to reconsider the Court's prior ruling on Receiver's motion to dismiss.  Accordingly, this Court finds basis to reconsider its prior ruling.

    B.  Quasi-Judicial Immunity

Quasi-judicial immunity may shield public officials acting within their jurisdiction from liability for acts done in good faith and in discharge of a judicial function.  *Harlow v. Clatterbuck,* 339 S.E.2d 181 (Va. 1986).  The Supreme Court of Virginia has developed a three-part test to determine if quasi-judicial immunity is available, whether the defendant was (1) performing judicial functions; (2) acting within his jurisdiction; and (3) acting in good faith. *Id.* at 184.  To determine whether a defendant was performing judicial function, the *Harlow* Court adopted a "functional comparability" test, whereby the Court must determine whether the procedure in question "shares enough of the characteristics of the judicial process that those who participate in such adjudication should

also be immune from suits for damages." *Id.* (quoting *Butz v. Economou,* 438 U.S. 478, 512-12 (1978)).

The November 15, 2006 Order, now submitted to the Court shows that all of Smith's actions as Receiver detailed in the Fourth Report were court approved, and thereby judicial functions.  Therefore, Receiver Smith has established that he was acting as an arm of the Arlington County Circuit Court, or that his actions qualify as "judicial functions" within the purview of *Harlow* and *Butz.*  Cross-claims of the Executors against Receiver Smith are thus barred by quasi-judicial immunity.  Accordingly, Defendant Smith's motion to dismiss will be granted.

## IV.  Conclusion

For the foregoing reasons, Defendant Kenneth Smith's motion to reconsider will be granted.  In light of reconsideration, Defendant's prior motion to dismiss will be granted.  An appropriate Order will issue.

November 22, 2006                       _____/s/_____
Alexandria, Virginia                          James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE